IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DALE B. ADAMS                                                                                                PLAINTIFF

   v.                            Civil No. 10-3120

UNITED STATES DEPARTMENT OF
AGRICULTURE; and THOMAS L. VILSACK,
United States Secretary of Agriculture                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Dale B. Adams (Adams), filed this complaint against the United States Department of Agriculture (USDA) and Secretary of Agriculture Thomas L. Vilsack under the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Administrative Procedure Act (APA), 5 U.S.C. § 701. The claims under the APA and a number of the FOIA claims were dismissed by order entered on September 26, 2012 (Doc. 42). Defendants were directed to file a supplemental summary judgment motion with a more detailed *Vaughn* index[1] and accompanying declarations as to the remaining claims--Request 1; Request 2; and Appeal 1.

Defendants filed the supplemental motion (Doc. 45) on October 26, 2012. However, Plaintiff filed a notice of appeal (Doc. 46) on November 6, 2012. The appeal was dismissed as premature on February 11, 2013 (Doc. 50).

Plaintiff has not responded to the supplemental summary judgment motion. However, he has filed a motion for appointment of counsel and alternative motion to dismiss (Doc. 52).

---

[1] The *Vaughn* index is prepared by the agency and describes the documents responsive to an FOIA request and indicates the reasons for redactions in sufficient detail to allow a court to make an independent assessment of the claims for exemptions from disclosure. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

-1-

Defendants have responded (Doc. 52) objecting to the dismissal of the case without a ruling on the merits of their summary judgment motion. The motions are now ready for decision.

## I. Background

In support of their summary judgment motion, Defendants have provided: (1) a more detailed *Vaughn* index, *Defendants' Exhibit* 1; (2) the declaration of Leilani Hannie, the FOIA supervisor, United States Department of Agriculture (USDA) and Food Safety Inspection Service (FSIS), *Defendants' Exhibit* 2; (3) the declaration of Sara L. Sullivan, the FOIA officer, Rural Development FOIA Unit, *Defendants' Exhibit* 3; (4) a letter dated October 24, 2012, from Leilani Hannie to Dale Adams re-releasing in part a total of 3,293 pages of documents responsive to his FOIA requests, *Defendants' Exhibit* 4; and (5) the declaration of Karen Petrus (Petrus), Administrative Programs Director with the USDA, Rural Development, stationed in Little Rock, Arkansas, *Defendants' Exhibit* 5.

For ease of discussion, the Court will refer to the FOIA requests in the same manner as the USDA. They are:

Request 1--Plaintiff's Exhibit E to the Original Complaint (Doc. 1), dated August 12, 2009;

Request 2--Plaintiff's Exhibit A to the Amended Complaint (Doc. 13), dated August 20, 2010;

Appeal 1--Plaintiff's Exhibit C to the Amended Complaint (Doc. 13) dated August 20, 2010;

The first request (Request 1) dated August 12, 2009, was received by the FSIS on September 1, 2009, and assigned control number FOIA 2009-00298. *Defts' Ex.* 2 at ¶ 5. Adams sought copies of USDA records pertaining to violations committed by Tony Shearer GMP III, second shift debone, Green Forest, Arkansas. *Id.*

On August 27, 2010, the FSIS received a FOIA request (Request 2) dated August 20, 2010. *Defts' Ex.* 2 at ¶ 6. The request was placed under control number FOIA 2009-00298. *Id.* Adams indicated he had received no response to his request for information made "over 8 months" ago. *Amended Complaint* (Doc. 13) *Exhibit* A. Adams requested the following:

> any and all documents relating to Tyson Foods USDA and FSIS food safety violations reported at Tyson Foods plant in Green Forest, Arkansas during 2009 and 2010;
>
> any and all records related to complaints made against Tyson Foods for violating USDA laws and USDA rules and regulations;
>
> any and all records related to Tyson Foods being penalized for violating these statutes;
>
> any and all information about Tyson Foods employees or management that were disciplined for violating these statutes;
>
> any and all information, call logs, emails, photographs, and sound or visual recordings, memos, any with Tyson Foods or their lawyers, any correspondence or data from any state, federal official or administrative agency regarding the USDA ignoring or concerning me and my communications.

*Id.; see also Defts' Ex.* 2 at ¶ 6.

The USDA conducted a search of its records and located 3,200 pages of documents responsive to the August 12, 2009 (Request 1), and August 20, 2010 (Request 2), FOIA requests. *Defts' Ex. 2 at* ¶ 7. On December 16, 2011, the 3,200 pages were released in part to Adams. *Id.* The USDA claimed that portions of the requested records fell within exemptions §§ 552(b)(4)(trade secrets and commercial or financial information that is confidential), (b)(6)(disclosure would cause unwarranted invasion of personal privacy), and (b)(7)(c)(personal information in law enforcement records). *Id.* The redactions pursuant to §§ 552(b)(6) &

-3-

552(b)(7)(c) were upheld in connection with the first summary judgment motion. The only exemption presently at issue is § 552(b)(4).

On August 31, 2010, the USDA received an FOIA appeal (Appeal 1) from the Plaintiff dated August 20, 2010. *Complaint* (Doc. 13) *Exhibit* C. The appeal concerned Adams' July 16, 2010, FOIA request. *Id.* The appeal was assigned control number 10-009-A. *Defts' Ex.* 3 at ¶ 5. In response to the appeal, a second search was conducted and the USDA was unable to locate any responsive records. *Id.* Adams was notified by letter that there were no responsive records. *Id.*

## II. Supplemental Summary Judgment Motion (Doc. 45)

### A. Summary Judgment Standard

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all evidence and inferences in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Secretary of Agriculture

The Defendants first maintain the Secretary of Agriculture Thomas Vilsack is not a proper party to this case as the Court's authority in FOIA cases is limited to directing the agency to produce erroneously withheld documents. Defendants are correct. The Secretary is entitled to dismissal from this case. The FOIA only authorizes suits against certain executive branch agencies not individuals. *See* 5 U.S.C. §§ 552(a)(4)(B)(authorizing suit against an agency);

552(f)(1) (definition of agency); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006).

### C. Appeal 1

Defendants maintain Appeal 1 is no longer at issue. They point out this appeal deals with Request 3 on which they were granted summary judgment. Defendants are correct. *See* Doc. 41 at pg. 14. Only Request 1 and Request 2 are currently at issue.

### D. The FOIA

"The Freedom of Information Act, enacted in 1966 . . . manifested Congress's belief that administrative agencies were improperly withholding from the public considerable information that should have been made available." *Brockway v. Department of Air Force*, 518 F.2d 1184, 1186 (8th Cir. 1975)(citation omitted). Subject to certain statutory exemptions, federal agencies "upon any request for records which reasonably describe such records . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). There are nine enumerated exemptions from disclosure. 5 U.S.C. § 552(b).

The "strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents. That burden remains with the agency when it seeks to justify the redaction of identifying information in a particular document as well as when it seeks to withhold an entire document." *U.S. Dep't of States v. Ray*, 502 U.S. 164, 173 (1991).

### E. Requests 1 and 2

As noted above, the USDA located 3,200 pages responsive to these two requests. On December 16, 2011, the documents were released in part to the Plaintiff. The USDA relied on exemption § 552(b)(4) with respect to portions of 3,175 pages, consisting of USDA Food Safety

Inspection Service noncompliance record reports for the Tyson Foods, Green Forest Plant, dated from January 12, 2009, to December 29, 2010. *Defts' Ex.* 1 at pg. 1. On further review, additional information was released to Plaintiff on October 24, 2012. *Id.* at pgs. 16-18; *see also Defts' Ex.* 2 at ¶ 8 (additional release of information on twenty-two inspection reports).

Exemption 5 U.S.C. § 552(b)(4), the trade secret exemption, provides: "[t]his section does not apply to matters that are . . . . (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential." A test for determining whether information is confidential has been adopted by the courts and is referred to as the *National Parks* test. *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974). Under this test, commercial matter is confidential when "disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." *Id.*

The Government is not required to "show that releasing the documents would cause actual competitive harm. Rather the government need only show that there is (1) actual competition in the relevant market, and (2) a likelihood of substantial competitive injury if the information were released." *Watkins v. U.S. Bureau of Customs and Border Protection*, 643 F.3d 1189, 1194 (9th Cir. 2011)(internal quotation marks and citations omitted).

"Courts can rely solely on government affidavits so long as the affiants are knowledgeable about the information sought and the affidavits are detailed enough to allow the court to make an independent assessment of the government's claim." *Watkns*, 643 F.3d at 1195 (internal quotation marks and citations omitted). While the court "need not conduct a

sophisticated economic analysis of the likely effects of disclosure[,] . . . [c]onclusory and generalized allegations of substantial competitive harm . . . are unacceptable and cannot support an agency's decision to withhold requested documents." *Id.*

Here, the supplemental *Vaughn* index sets forth each category of information withheld and the justification for withholding. *Defts' Ex.* 1. The categories of information are: (1) brands, manufacturers, or names of machines and equipment used; (2) test or lab reports or results; (3) specific chemicals or agents used by the plant and/or the concentration level of a chemical/agent used; (4) line numbers; (5) sanitation standard operating procedure; (6) identity of suppliers, consultants, contractors, subcontractors, or sources; (7) hazard analysis and critical control points (HACCP) and critical control points (CCP); and (8) details pertaining to production processes, plant layouts, and/or procedures used.

The information was provided as part of a mandatory inspection program. *Defts' Ex.* 2 at ¶ 9. The Defendants rely on the second prong of the *National Parks* test to support the non-disclosure of this information; that is, they maintain that disclosure of the involuntarily produced information would cause substantial harm to the competitive position of Tyson Foods.

After having carefully reviewed the supplemental *Vaughn* index and supporting affidavits, the Court agrees. The eight categories of information described in some detail on the *Vaughn* index clearly contain information that Tyson Foods would not voluntarily disclose. The information provides insights into its specific operations including equipment selected, production figures including the number of lines utilized, formulas, the results of various tests, plant layouts and other similar specific information developed after the expenditure of time. The

disclosure of this information would place Tyson Foods at a competitive disadvantage. The redactions were in accordance with this exemption.

**III. Motion for Appointment of Counsel or Alternative Request for Dismissal** (Doc. 52)

As mentioned above, Plaintiff has filed a motion for appointment of counsel (Doc. 52). If this motion is denied, he asks that he be allowed to "dismiss this action and any other pending civil actions." In support, he asserts that the case consists of "important legal questions that affect the public at large and jeopardize the life of Dale B. Adams and his disabled wife, Cherie L. Adams." (Doc. 52 at pg. 1). He asserts that his prior motions for appointment of counsel have been denied in a biased manner "causing us harm and deaths." *Id.* He provides the Court with a detailed family history including branches of the military served by family members. Adams also maintains he has limited legal knowledge. He asks for appointment of counsel under 18 U.S.C. § 3006A.

This statute provides for the appointment of counsel to criminal defendants and has no applicability here. However, as Plaintiff is proceeding *in forma pauperis*, the Court does have the discretion to appoint counsel under 28 U.S.C. § 1915(e)(1). This section provides that: "the court may request an attorney to represent any person unable to afford counsel." The Court considers a variety of factors including "the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(internal quotation marks and citation omitted).

AO72A
(Rev. 8/82)

This case is neither factually or legally complex. Review of the file indicates the Plaintiff has demonstrated knowledge of the FOIA. He has also filed a number of motions on his own behalf and responded to motions filed by the Defendants. The motion for appointment of counsel should be denied.

The alternative motion to dismiss should also be denied. As Defendants point out, the remaining issues have been addressed on their merits in the supplemental summary judgment motion. Defendants maintain the case should be dismissed on its merits. I agree.

### IV. Conclusion

For the reasons stated, I recommend that Defendants' summary judgment motion (Doc. 45) be granted and this case dismissed on its merits. I further recommend that the Plaintiff's motion for appointment of counsel and alternative motion to dismiss (Doc. 52) be denied. Plaintiff should be advised that he will need to file motions to dismiss in each other civil action he seeks to dismiss.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of August 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)